Filed 4/18/16  P. v. Marshall CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVION DALON MARSHALL,<br><br>    Defendant and Appellant. | B263432<br><br>(Los Angeles County<br>Super. Ct. No. BA429519) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roberto Longoria, Judge.  Affirmed.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## FACTUAL AND PROCEDURAL BACKGROUND

Maricela Ceja parked and locked her Honda Civic at her house in Hemet.  The next morning her car was missing, and she reported it stolen.

Approximately one month later, Los Angeles Police Officers Craig Stogel and Stephanie Correa were patrolling in Los Angeles when they noticed a Honda Civic traveling in the opposite direction with no front license plate.  The officers initiated a traffic stop.  The driver, Davion Dalon Marshall, told the officers that he did not know where to find the car registration or proof of insurance card because the Honda Civic did not belong to him.  Marshall rummaged through the glove compartment, looking for these documents. Officer Stogel saw the registration and told Marshall to remove it from the glove compartment and hand it to Officer Correa.  At the same time, Officer Stogel noticed a hole in the steering column where the key is usually inserted into the ignition.  He also noticed the key Marshall was using was a blank or shaved key.

Officer Correa checked the car registration and VIN on the patrol car computer, and discovered the Honda Civic had been reported stolen.  At that point, the officers arrested Marshall.  After his arrest, Marshall told police the Honda Civic belonged to a friend, and Marshall did not know where his friend had obtained the car.

The People charged Marshall with felony driving a vehicle without the owner's consent, in violation of Vehicle Code section 10851.  Prior to trial, the trial court granted Marshall's motion to reduce the felony offense to a misdemeanor.  The People then amended the complaint to add a misdemeanor count of driving without a valid driver's license, in violation of Vehicle Code section 12500, subdivision (a).

A jury convicted Marshall of both counts.  The court suspended imposition of sentence and placed Marshall on three years of unsupervised probation on the conditions he serve 20 days in county jail, complete 200 hours of community service, and pay restitution to the victim.  Marshall appealed.

## DISCUSSION

We appointed counsel to represent Marshall on appeal. After examining the record, counsel filed an opening brief raising no issues. We advised Marshall that he had 30 days to submit any arguments or raise any issues he wanted us to consider. We have not received a response.

We have examined the record and are satisfied that appellate counsel for Marshall has fully complied with her responsibilities and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


SEGAL, J.


We concur:



PERLUSS, P. J.



BLUMENFELD, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.